## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JERRY HARRIS,                          )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )        Case No. 06-2537-JTM-DWB
                                       )
EURONET WORLDWIDE, INC.                )
   and PAYSPOT, INC.,                  )
                                       )
                    Defendants.        )
_____)

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for a Protective Order "pertaining to

Defendants' attempt to depose Plaintiff's counsel Brendan J. Donelon and the

confidential nature of a mediation sesion [sic]." (Doc. 15). Defendant has

responded in opposition to the motion. (Doc. 20.) Plaintiff did not reply and the

time to do so has expired. *See **D.Kan. Rules 6.1, 7.4***. The Court has reviewed

the briefs and exhibits provided by counsel and is prepared to rule.

## BACKGROUND

Plaintiff filed suit against Defendant Euronet claiming employment

retaliation in violation of Title VII. (Doc. 1.) Plaintiff contends her employment

was terminated after she was identified as witness willing to testify on behalf of

Darrel Matthews, another of Defendant's employees, who was bringing a racial discrimination claim against the company. *Id.* This alleged identification occurred during a mediation of Matthews' claims on December 20, 2005. Plaintiff's employment with Defendants was terminated on January 9, 2006. (*See* Doc. 1 at ¶¶ 20-21.)

The mediation at issue was attended by two of Defendants' Human Resources employees in addition to Matthews and his attorney, Brendan Donelon. Mr. Donelon also represents Plaintiff in the present case. Plaintiff alleges that during a joint session of Matthews' mediation, Matthews indicated Plaintiff would testify that "he did his job well" and "was replaced by a Phil Hackley (a Caucasian)." (Doc. 15 at pg. 2.) Plaintiff further alleges that Donelon "made no comments regarding Matthews' statements about [Plaintiff] except a confirmation comment regarding their validity." *Id.* According to Defendants, both of their employees who attended the mediation have stated that "Plaintiff was not mentioned by anyone" at the mediation, "contrary to Mr. Matthews' allegations, and . . . their notes of the mediation session do not indicate that Plaintiff was mentioned." (Doc. 20, at pg. 2-3.)

On March 1, 2007, Defendants noticed the deposition of Donelon in order to question him regarding the statements allegedly made by Matthews at the

mediation "identifying Plaintiff as a witness in support of Mr. Matthews' claims of racial discrimination."  (Doc. 20 at pg. 3.)  According to Defendants, "[t]hese alleged statements are central to Plaintiff's theory of her case" and "crucial to the preparation of Defendants' case."  *Id*.

## DISCUSSION

### A.      Deposition of Plaintiff's Attorney Brendan Donelon.

Fed. R. Civ. P. 26(c) provides that the Court may, upon a showing of good cause, "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Trial courts have discretion in determining when a protective order is appropriate.  *See Boughton v. Cotter Corp.*, 65 F.3d 823, 828 (10th Cir. 1995) (stating that a trial judge's grant of a protective order will be reviewed for abuse of discretion).

The party seeking a protective order has the burden to show good cause for it.  *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000).  To establish good cause, that party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  *Pepsi-Cola Bottling Co. of Pittsburgh, Inc. v. Pepsico, Inc.*, Case No. 01-2009, 2002 WL 922082, at *1 (D. Kan. May 2, 2002) (quotations and citations omitted).  While the Court may grant a protective order prohibiting the taking of a deposition when it believes that

the information sought is wholly irrelevant to the issues in the case, the normal practice of this Court is to deny motions that seek to entirely bar the taking of a deposition. *Horsewood v. Kids "R" Us*, Case No. 97-2441, 1998 WL 526589, at *5 (D. Kan. Aug. 13, 1998).

Attorneys are subject to being deposed, even if they represent a party to the suit. *Simmons Foods, Inc. v. Willis*, 191 F.R.D. 625, 630 (D. Kan. 2000) (citations omitted); *see also* *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 248 (D. Kan. 1995) ("Attorneys with discoverable facts, not protected by attorney-client privilege or work product, are not exempt from being a source for discovery by virtue of their license to practice law or their employment by a party."). "Barring extraordinary circumstances, courts rarely will grant a protective order which totally prohibits a deposition." *Simmons Foods*, 191 F.R.D. at 630 (citations omitted). However, extraordinary circumstances may be presented when one party seeks to depose opposing counsel, including "delay, disruption of the case, harassment, and unnecessary distractions into collateral matters." *Id.* (citations and quotations omitted).

With similar considerations in mind, the Eighth Circuit established a threshold three part test for determining when a party should be allowed to depose opposing counsel. *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.

4

1986).  That test requires the party seeking the deposition to show that "(1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case."  *Id*. (citations omitted).

Faced with the same issue, the Tenth Circuit recognized the ***Shelton*** factors, stating

> [T]he question is whether the trial court abused its discretion in attempting to protect the defendants from an unnecessary burden.  Viewed in this light we approve the criteria set forth in *Shelton v. American Motors*, *supra*, but at this time, we need only make the more limited holding that ordinarily the trial court at least has the *discretion* under Rule 26(c) to issue a protective order against the deposition of opposing counsel when any one or more of the three *Shelton* criteria for deposition listed above are not met.

***Boughton***, 65 F.3d at 830 (emphasis in original).  The Tenth Circuit did not set out a mandatory test, but essentially created a *per se* rule that if a party seeking to depose opposing counsel could not meet the ***Shelton*** test, then it was within the trial court's discretion to issue a protective order prohibiting such deposition.  The court did not hold that the test was requisite in determining whether an attorney may be deposed, and not all courts have applied it.  *See* ***United Phosphorus***, 164 F.R.D. at 248 (stating that the ***Boughton*** decision "does not suggest that the [***Shelton*** factors] must be applied in every case in which the opposing counsel's

deposition is sought"). ***Boughton*** is not a restriction on the Court's discretion

under Rule 26(c), but rather is an indicator of the scope of such discretion. In this

Court's opinion, however, the analysis and factors enumerated in ***Shelton*** are

highly relevant to an analysis of the present situation.

In the context of the first ***Shelton*** factor – that "no other means exist to

obtain the information than to depose opposing counsel" – Defendants argue that

Donelon is "the only other person in attendance besides the mediator" who will be

able to corroborate Matthews' alleged statements regarding Plaintiff. (Doc. 20 at

pg. 5.) Defendants further argue that they are prohibited from deposing the

mediator as a result of the mediation agreement, thus "Mr. Donelon is the only

remaining witness on this subject." *Id*. Therefore, according to Defendants, they

have no other means to obtain this information.

Simply stated, the Court does not agree with Defendants' analysis. The

***Shelton*** factors clearly state that there must be "no other means . . . to obtain the

information than to depose opposing counsel." 805 F.2d at 1327. By Defendants'

own admission, however, two of its employees were in attendance at the mediation

session at issue. Although Mr. Donelon may be the only person remaining who

6

can *corroborate* Mr. Matthews' statements,[1] he is not the only person who can

testify as to what Mr. Matthews did or did not say at the mediation.  Thus, Mr.

Donelon is not the only means available to obtain the information at issue.

Because Defendants have failed to establish the first ***Shelton*** factor, the Court need

not address whether the information is relevant, nonprivileged, and/or crucial to

Defendants' preparation of the case.[2]  ***Boughton***, 65 F.3d at 830 (holding that the

Court has the discretion under Rule 26(c) "to issue a protective order against the

deposition of opposing counsel when any one or more of the three ***Shelton*** criteria

. . . are not met").  Plaintiff's Motion for Protective Order is, therefore,

---

[1]  The Court has not been asked, and will not address, whether it would be possible to depose the mediator.  The Court does note, however, that since both Mr. Matthews and Defendant Euronet have commented on what was said, or not said, at the prior mediation, an argument could be made that any claim of confidentiality has been waived by both parties.  Also, some mediation rules specifically provide that confidential information from a mediation may be used in limited circumstances in future proceedings.  *See, e.g.*, D.Kan. Rule 16.3(i)(3)(i) (stating that confidential information may be disclosed if necessary to prevent a manifest injustice, help establish a violation of law or ethical violation, or prevent harm to the public health or safety).

[2]  Defendants urge that Donelon's testimony is crucial to the case and also indicate that they should be entitled to depose him to ascertain whether there is a factual basis to seek his disqualification.  (Doc. 20 at 3, n.2 and 7-8.)  Here Defendants know the substance of Donelon's knowledge from statements he made in the Motion for Protective Order.  Those statements were made as an officer of the Court and adequately outline his involvement to allow Defendants to pursue a motion to disqualify if they believe they have adequate legal grounds to do so.

7

**GRANTED**.[3]

**B.      Request for Attorneys' Fees**.

Plaintiff has requested costs and fees incurred in drafting this motion.  Rule

26(c) states that the provisions of Rule 37(a)(4) apply concerning the award of

expenses incurred in connection with such a motion.  Rule 37(a)(4)(A) provides

that "the court shall, after affording an opportunity to be heard, require the party or

deponent whose conduct necessitated the motion . . . to pay to the moving party the

reasonable expenses incurred in making the motion, including attorney's fees"

unless it finds that Defendants' actions were "substantially justified or that other

circumstances make an award of expenses unjust."

In this case, the Court believes that Defendants were substantially justified

in attempting to depose Mr. Donelon.  Although Mr. Donelon is not the only

individual with information regarding the statements at issue, the fact remains that

he was present at the mediation and, therefore, may have some recollection of what

_____

[3] Plaintiff also states that "[a]n additional issue that **may** arise in this matter, and require the Court's intervention, is the mediation setting" and whether "conversations and comments" occurring therein are confidential or discoverable.  (Doc. 15 at pg. 4 (emphasis added).)  By Plaintiff's own admission, this issue has not yet ripened, but **may** require the Court's intervention at some undisclosed point in the future.  Further, Defendants have indicated they intend to file a Motion *in Limine* on the issue.  (Doc. 20 at pg. 7.)  A determination of this issue is not relevant or necessary in the context of the Court's ruling on Plaintiff's Motion for Protective Order. The Court, therefore, will not address this issue at this time.

was or was not said about Plaintiff.  Thus, it would not be just to award costs or fees to Plaintiff.  The Court therefore finds that the parties should bear their own costs and expenses in connection with this motion.

## CONCLUSION

Plaintiff's Motion for Protective Order regarding the deposition of Brendan Donelon (Doc. 15) is GRANTED.  Thus, Defendants shall not be allowed to depose Plaintiff's counsel, Mr. Donelon, regarding what occurred at the December 20, 2005, mediation at issue.  Plaintiff's request for her costs and fees concerning the motion is DENIED.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 29th day of May, 2007.

   s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge